JAMES FISKE, JR. *vs.* SOUTH WILBRAHAM MANUFACTURING COMPANY.

If a submission of "all demands" between the parties is entered into in the terms prescribed by the Gen. Sts. *c.* 147, §§ 1, 2, and the award finds that one of the parties shall recover of the other a certain sum, and that the same shall be in full of all matters submitted, the legal presumption is, in the absence of evidence to the contrary, that the arbitrators only considered such demands as might under the statute be submitted to arbitration.

MOTION to accept an award. The submission was in the terms prescribed by Gen. Sts. *c.* 147, §§ 1, 2, and recited that the parties had agreed to submit "all demands between them" to the determination of three arbitrators. The award was that "James Fiske, Jr. shall recover of the abovenamed South Wilbraham Manufacturing Company the sum of $2,956.87, and the same shall be in full of all matters referred to us." The defendants objected to the acceptance of the award, alleging the following reasons: "Because it does not appear that the arbitrators had jurisdiction over the subject matter to which their award relates; because it does not appear that their proceedings were within the provisions of the statute; because it does not appear that all the demands passed upon by them and included in their decision were the subject of personal actions at law or suits in equity."

Judgment was ordered on the award in the superior court, and the defendants appealed to this court.

*J. B. Robb,* for the defendants.

*B. F. Brooks & J. D. Ball,* for the plaintiff.

HOAR, J. The submission is in the terms prescribed by the statute; and the award follows the submission, and establishes the fact that a sum of money was due from the defendants to the plaintiff, the recovery of which certainly might be the subject of an action at law, or a suit in equity. The Gen. Sts. *c.* 147, § 3, provide that " an agreement to submit all demands shall include only such as might be the subject of a personal action at law or of a suit in equity." The statute thus limits and interprets the language of the submission of " all demands ; " and the award is expressly made upon the matters submitted. The presumption is therefore in favor of the award, and there is nothing in proof against it.     *Judgment on the award.*